# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF TENNESSEE

|  |  |
|---|---|
| JOSEPH LEMING, | ) |
| Plaintiff, | ) Case No.: |
| v. | ) |
| MEDICREDIT, INC., | ) COMPLAINT AND DEMAND |
| Defendant. | ) FOR JURY TRIAL |

## COMPLAINT

JOSEPH LEMING ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MEDICREDIT, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq* and the Telephone Consumer Protection Act, 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Tennessee, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Lebanon, Tennessee 37090.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a national debt collection company with its corporate headquarters located at 3 Cityplace Drive, Suite 690, St. Louis, Missouri 63141.

9. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

11. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

13. Plaintiff has a cellular telephone.

14. Plaintiff has only used this number as a cellular telephone number.

15. Defendant was attempting to collect an alleged consumer debt from Plaintiff.

16. The alleged debt at issue arose out of transactions stemming from a Centennial Medical Center debt that was incurred in 2014 or 2015 that was primarily for personal, family or household purposes.

17. Beginning in January 2016 and continuing through March 2016, Defendant placed repeated harassing telephone calls to Plaintiff's cellular telephone.

18. Defendant placed calls to Plaintiff from the following number: (800) 823-2318. The undersigned has confirmed that this telephone number belongs to the Defendant.

19. Plaintiff received autodialed calls that would begin with a delay before speaking to one of Defendant's representatives.

20. These calls were not for emergency purposes, but rather, were to collect this alleged debt.

21. Frustrated by Defendant's calls, Plaintiff told Defendant to stop calling him in late January 2016.

22. Defendant acknowledged Plaintiff's request to stop calling him by responding that they would "put a note on the account."

23. However, Defendant has ignored Plaintiff's request to stop calling and has placed six or seven calls to him since late January 2016.

24. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED §§1692d and 1692d(5) OF THE FDCPA

25. A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt.

26. A debt collector violates §1692 (d)(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

27. Defendant violated §§1692d and 1692d(5) when it placed repeated harassing telephone calls to Plaintiff's telephone, including after Plaintiff told Defendant to stop calling.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

28. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

29. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

30. Defendant's calls to Plaintiff were not made for emergency purposes.

31. Defendant's calls to Plaintiff, on and after late January 2016, were not made with Plaintiff's prior express consent.

32. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

33. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

34. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, JOSEPH LEMING, respectfully prays for judgment as follows:

    a. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692 (k)(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court courts and other litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3);

    d. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    e. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    f. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    h. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JOSEPH LEMING, demands a jury trial in this case.

Respectfully submitted,

Dated: April 15, 2016   By:  /s/ Amy L. Bennecoff Ginsburg, Esq.
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com